Per Curiam.

The present motion for leave to appeal from a nonfinal order may be entertained under CPLR 5602 (subd [a], par 2) if the Town Board here is a "body of public officers” within the meaning of that section. Depending on the procedural role of the municipal party in the cases before us, we have in the past determined that local municipalities and their governing boards do fall within the beneficial reach of that section. (E.g., Matter of Vanderveer v Van Rouwendaal, 35 NY2d 643; Matter of Long Is. Light. Co. v Ambro, 32 NY2d 610; Matter of Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach, 30 NY2d 487; Matter of Seifried v Town of Clarkstown, 16 NY2d 485; Matter of Shell Oil Co. v Farrington, 14 NY2d 490.) Where the municipality’s procedural role has been different, however, we have concluded that it or the members of its governing boards are not public bodies for the purposes of the section. (E.g., Matter of Town of Bedford v Village of Mount Kisco, 27 NY2d 725; Matter of Incorporated Vil. of Hewlett Bay Park [Klein], 19 NY2d 747; Paliotto v Town of Islip, 16 NY2d 871; Matter of Incorporated Vil. of Hempstead [Fichter] 304 NY 870.)
Reconciliation of superficially inconsistent holdings in these cases is explained by reference to the legislative history of CPLR 5602 (subd [a], par 2). The section, conferring jurisdiction in our court to entertain appeals from nonfinal orders in a limited number of cases, replaced subdivision 2 of section *200 589 of the Civil Practice Act, which was adopted in 1952 to reflect a new provision added to the Constitution in 1951 (NY Const, art VI, § 7, subd [5], now art VI, § 3, subd b, par [5]). In language, the CPLR provision tracks the language of the Constitution more closely than the predecessor subdivision 2 of section 589 although the substance of all three provisions is the same. (7 Weinstein-Korn-Miller, NY Civ Prac, par 5602.06, p 56-55.) The constitutional amendment of 1951 and the implementing statutory provisions were designed to remedy the difficult situation faced by an administrative agency after the Appellate Division had reversed or annulled a prior determination by the agency and remitted the case for a new hearing or further proceedings. Prior to the amendment, the agency could not appeal that reversal and remittal because the order was clearly nonfinal; nor could the agency, following a new hearing or further proceedings pursuant to the instructions of the Appellate Division, appeal from its own second determination, for, as the entity making the adjudication, it would not be a "party aggrieved” by its own determination. Prior to 1944, in such situations the Appellate Division had had the power to grant leave to appeal to our court, but in that year a constitutional amendment extended the procedure of appeal by stipulation for judgment absolute to special proceedings. Thereafter the Appellate Division was powerless to grant the agency permission to appeal from an order reversing and remitting an agency determination, and the agency was faced with a choice between appealing by the risky stipulation method or following the Appellate Division’s instructions with no chance of subsequent review. (7 Weinstein-Korn-Miller, op. cit, p 56-56.)
The procedural remedy fashioned to relieve the agency from this dilemma was to confer jurisdiction on our court to grant leave to appeal from any nonfinal determination of the Appellate Division affecting the action of an administrative agency. As is noted in Cohen and Karger, Powers of the New York Court of Appeals (§65, pp 293-294) however: "Plainly, the remedy goes far beyond the necessity.”
In interpreting CPLR 5602 (subd [a], par 2), and its predecessor subdivision 2 of section 589 of the Civil Practice Act, in proceedings wherein local municipalities and their governing boards were parties, we have considered such parties to be within the sweep of those sections only where the cases have fit within the curative intent underlying the sections. Thus, if *201 a municipality is itself the adjudicatory body and if what is subjected to review at the Appellate Division is an adjudication by the municipality, then the municipality might well find itself within the same dilemma faced by administrative agencies as previously described and accordingly the municipality or the members of its governing board should be afforded the procedural advantages of CPLR 5602 (subd [a], par 2). To do otherwise would be to frustrate the curative intent underlying that section. (E.g., Matter of Vanderveer v Van Rouwendaal, 35 NY2d 643, supra; Matter of Long Is. Light. Co. v Ambro, 32 NY2d 610, supra; Matter of Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach, 30 NY2d 487 supra; Matter of Seifried, v Town of Clarkstown, 16 NY2d 485, supra; Matter of Shell Oil Co. v Farrington 14 NY2d 490, supra.) If, on the other hand, the municipality is a party not on the basis of its prior adjudication, but rather is a party in the same capacity as any other litigant prosecuting or defending a matter before an adjudicatory tribunal, then there is not the same justification for invoking the provisions of CPLR 5602 (subd [a], par 2), for the municipality will not find itself in the dilemma sought to be alleviated by that section. Rather it will be open to the municipality to relitigate the issues before the appropriate tribunal. In such cases we have dismissed motions for leave to appeal from nonfinal orders on the ground that the municipality (or the members of its governing board) is not a public body, that is, an adjudicatory or administrative body, within the meaning of CPLR 5602 (subd [a], par 2). (E.g., Matter of Town of Bedford v Village of Mount Kisco, 27 NY2d 725, supra; Matter of Incorporated Vil. of Hewlett Bay Park [Klein], 19 NY2d 747, supra; Paliotto, v Town of Islip, 16 NY2d 871, supra; Matter of Incorporated Vil. of Hempstead [Fichter] 304 NY 870, supra.)
Because the Town Board in this instance was functioning as the adjudicatory body we hold that its role as such is sufficient predicate to invoke the provisions of CPLR 5602 (subd [a], par 2). Accordingly we entertain the present motion for leave to appeal.*
We turn then to the merits of the motion. Petitioner sought a zoning permit pursuant to the Local Zoning Laws of the Town of Halfmoon. When no favorable response was forthcom *202 ing, petitioner instituted the present article 78 proceeding. Supreme Court found the record as to board action totally inadequate and incomplete, containing no determination, favorable or unfavorable, and remitted the matter to the Town Board for development of an adequate record and a definitive disposition of petitioner’s application. The Appellate Division affirmed, and the Town Board now seeks leave to appeal.
On consideration of the merits, however, we do not find warrant for granting leave. Accordingly the motion should be denied.
Motion for leave to appeal denied, with $20 costs and necessary reproduction disbursements.

 It is worth observing, additionally, that CPLR 5602 (subd [a], par 2) accords the benefits of the section to every party to the proceeding if any one party comes within its ambit.